**The document below is hereby signed.**

**Dated: October 4, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
1828 18TH STREET, LLC,         )   Case No. 10-00940
                               )   (Chapter 11)
            Debtor.            )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO STRIKE DEBTOR'S OBJECTION
<u>TO ATTORNEYS FEES CLAIMED BY TENLEYTOWN LLC</u>

This addresses the Motion to Strike Debtor's Objection to Attorney's Fees Claimed by Tenleytown LLC, filed on behalf of Tenleytown, LLC.  The debtor has objected to the reasonableness of the attorney's fees sought by Tenleytown.  The promissory note sets attorney's fees at 20% of the amounts due under the note, and the law of the District of Columbia treats that as only a cap if a question is raised as to the reasonableness of the fees. *See, e.g., Columbia Plaza Corp. v. Sec. Nat'l Bank*, 676 F.2d 780 (D.C. Cir. 1982); *FDIC v. Bender*, 127 F.3d 58 (D.C. Cir. 1997).

Tenleytown asserts that the debtor has waived the right to object to the reasonableness of the attorney's fees recoverable under that 20% provision.  The promissory note's paragraph 6,

upon which Tenleytown relies, calls for the debtor not to be discharged or released from the debt on any ground other than "full and complete payment of all amounts due" under the note. The determination of "amounts due" under the note must be made in accordance with District of Columbia law which treats a percentage allowance for attorney's fees as a cap on fees, which are limited to reasonable fees when the reasonableness of fees is questioned by the obligor.

Although paragraph 6 of the note also states that the debtor "waives the benefit of any . . . rule of law intended for its advantage or protection as obligor hereunder," the debtor's obligation under the note obviously must be decided under District of Columbia law, and the provision can be read as applying only to rules of law that the debtor affirmatively must raise in order to enjoy their benefit, not rules of law that apply to the bank's unilaterally establishing the amount of the obligation.  District of Columbia decisions vest a trial court with the discretion, even when an obligor does not defend, to scrutinize the reasonableness of attorney's fees sought under a contract's percentage fee provision.  *See Cent. Fid. Bank v. McLellan*, 563 A.2d 358 (D.C. 1989); *United States v. Reed*, 31 A.2d 673, 675 (D.C. 1942).  Accordingly, the determination of the amount of the obligation includes scrutiny of the amount of the reasonableness of the attorney's fees before the waiver provision

becomes relevant.  Even if the provision were susceptible of the construction Tenleytown places upon it, any ambiguity in the note ought to be resolved against Tenleytown.

In any event, it would be against public policy if paragraph 6 of the note were construed as treating the debtor as having waived even such basic protections as notice of any foreclosure sale or, in the instant matter, determination of the reasonableness of the attorney's fees to which the creditor is entitled if there is question as to the reasonableness of a fee set at 20% of the amounts due under the promissory note. That construing the provision as urged by Tenleytown would be against public policy is readily demonstrated by the rationale of the previously cited District of Columbia decisions that vest a trial court with the discretion, even when an obligor does not defend, to scrutinize the reasonableness of attorney's fees sought under a contract's percentage fee provision.  The rationale is that such scrutiny is necessary to guard against oppression and injustice.  *See United States v. Reed*, 31 A.2d at 675 (D.C. 1942) ("To guard against possible oppression and injustice this rule must apply, although defendant defaults; for this is but a reasonable exercise of the power of a trial judge to prevent allowance of excessive fees.").

If the waiver provision were to be construed as barring the debtor from objecting to the reasonableness of the attorney fee

3

claim, a procedural fluke might result in the reasonableness of the fees being beyond discretionary *sua sponte* judicial review as would occur outside of bankruptcy. A proof of claim is the equivalent of a complaint, *Kline v. Zueblin (In re Am. Exp. Grp. Int'l Servs.)*, 167 B.R. 311 (Bankr. D.C. 1994), and outside of bankruptcy the attorney's fees sought in a complaint would be subject to judicial scrutiny even if the debtor did not raise that as a defense. Nevertheless, a proof of claim remains an allowed claim under 11 U.S.C. § 502(a) unless the claim is objected to. Treating the waiver provision as barring an objection to the claim and as thus requiring allowance of the claim without it being subjected to the court's *sua sponte* scrutiny of the reasonableness of the attorney's fees sought would result in an alteration of Tenleytown's nonbankruptcy law entitlements that would apply outside of bankruptcy. This is an additional reason why the waiver provision ought not be construed as urged by Tenleytown, otherwise any excessive fees would escape the discretionary *sua sponte* judicial scrutiny that District of Columbia decisions deem appropriate. Unless a Bankruptcy Code provision alters nonbankruptcy law entitlements, those entitlements ought to remain the same inside bankruptcy. *See Butner v. United States*, 440 U.S. 48, 54 n.9 (1979) (stating "state laws are ... suspended only to the extent of actual conflict with the system provided by the Bankruptcy Act of

Congress"). There is no evidence that Congress intended 11 U.S.C. § 502(a) to operate to give Tenleytown an advantage it would not enjoy outside of bankruptcy. At the very least the debtor ought to be allowed to file an objection that only asks the court to exercise its discretion *sua sponte* to examine the reasonableness of the fees. To guard against injustice and oppression, the court will exercise that discretion.

For all of these reasons, it is

ORDERED that the Motion to Strike Debtor's Objection to Attorney's Fees Claimed by Tenleytown LLC, filed on behalf of Tenleytown, LLC, is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.